In re Guardianship of Rundle: United States Fidelity & Guaranty Company, Appellant, vs. Rundle and another, Respondents.

*March 15—April 14, 1944.*

For the appellant there were briefs by *Lines, Spooner & Quarles,* of Milwaukee, attorneys, and *Maxwell H. Herriott* of Milwaukee and *Clarence H. Knudson* of Dodgeville of counsel, and oral argument by *Mr. Herriott.*

For the respondents there was a brief by *George J. Larkin* of Dodgeville, attorney for Orville Rundle, and by *Harry A. Speich* of Mineral Point, guardian *ad litem,* and oral argument by *Mr. Larkin.*

FOWLER, J.  Jennie Funk was appointed guardian of her brother John Rundle, incompetent, on February 11, 1925. The appellant was surety on her bond as guardian.  J. Henry Rundle was appointed successor guardian.  On September 19, 1941, he filed a petition reciting that the decedent had no estate, asked for the appointment of a special administrator for the purpose of settling her account as guardian of the incompetent and C. V. Berryman was appointed such administrator. Berryman as special administrator presented an account as decedent's final account.  Upon hearings had the county court entered judgment purporting to settle decedent's account as guardian and ordered the amount found due from her to the incompetent at the time of her death to be paid forthwith to Orville Rundle, successor guardian to J. Henry Rundle as

guardian of the incompetent. The bondsman of the decedent as guardian appeals.

The appellant lays as ground for reversal of the judgment of the county court, (1) that the county court was without jurisdiction to appoint a special administrator; and (2) that the judgment purporting to settle the account was therefore void and not binding on the bondsman.

(1) The claim of the appellant is that the only function of a special administrator is to preserve and administer the estate of the decedent until a general administrator can be appointed, and as the petition shows that the decedent had no estate, and there is no proof that she had any, there was no estate to preserve and administer, and neither the petition nor the proofs conferred jurisdiction to appoint a special administrator. We must so hold.

The county court, as a court of probate, and in appointing a special administrator it is acting as such court, has no jurisdiction except such as is conferred on it by statute. See *Estate of George,* 225 Wis. 251, 264, 270 N. W. 538, 274 N. W. 294. The statute that authorizes the appointment of a special administrator is the following:

"311.10 *Special administrator to complete administration.* (1) Whenever it shall appear by petition, to the county court that a resident of the county died, leaving no debts or that final judgment in his estate has been rendered and that any mortgage or judgment in favor of such deceased person remains undischarged of record, or any contract for the conveyance of land by such person remains unfulfilled, or that unadministered assets have come to said estate or been found belonging to it or any act remains unperformed on the part of such person the performance of which affects or is of importance to petitioner or any other person the court may appoint a special administrator to release and discharge such mortgage or judgment, or convey such lands, receive and distribute any unadministered assets, and perform such other acts as may be deemed necessary in the premises. . . ."

It is to be noted that the basis for the appointment is that the decedent shall have left no debts or that final judgment in his estate has been rendered. When this appears and it *also appears* that any of the other things mentioned that decedent ought to have done were not done then a special administrator may be appointed to do the things left undone. But the instant petition does not show that the decedent left no debts or that a final judgment in her estate has been rendered; and it does appear therefrom that at the time she died she had in her hands as guardian personal property to the amount of $2,314.79 and was thus presumably in debt to the incompetent to that amount. The condition on which a special administrator might be appointed failing, the court had no jurisdiction to appoint such administrator.

The respondent urges that sec. 319.08, Stats., requires the county court on the death of a guardian to appoint a successor guardian and "cite the new guardian and . . . [the deceased guardian's] personal representative . . . to settle the former guardian's account," and claims that a special administrator is the personal representative of the decedent and therefore may be required to account. But if the court had no jurisdiction to appoint Berryman as special administrator, the appointment was void and Berryman is not a personal representative. Therefore it is the regular administrator of the decedent's estate who is the personal representative who must do the accounting.

It is claimed that as there was no estate there was nothing to administer and therefore no authority to appoint an administrator. But this is not correct. Administrators are appointed among other things that creditors of the decedent may have claims for debts owing to them by the decedent presented and allowed and placed in process of enforcement. Any creditors may file such a claim, and the incompetent was a creditor. The filing of a petition for the appointment of an administrator by the incompetent's successor guardian would doubtless

invoke the jurisdiction of the court to appoint an administrator if there were reasonable necessity to take this step in view of the other plain remedies of the successor guardian to sue on the decedent's bond as guardian under sec. 321.02 (4), Stats., without first having an accounting, or to bring replevin for any property of the incompetent against any one having possession of it who refused to surrender it to the successor guardian, as the title to the property was in the incompetent. *Guardianship of Paulsen,* 229 Wis. 262, 267, 282 N. W. 36.

The appellant claims that errors were made in the instant accounting. We do not consider these alleged errors because the controversy between the bondsman appellant and the successor guardian may be amicably settled, and if it is not and an accounting is had in a new action or proceeding the evidence may be so different that the rulings complained of will not again occur. On the factual situation shown by the record herein there should be no difficulty in determining as to the liability of the bondsman and the amount thereof. That all this pains and labor should go for naught is hardly to be expected. It is rather to be expected the interested parties should avail themselves of it and arrive at a right settlement of the controversy without again resorting to contested litigation.

(2) The point of the appellant here raised is that the bondsman is not bound by an order directing the special administrator to pay to the successor guardian because it is not on the special administrator's bond. The latter is of course true. The precise point seems to be that the order is entitled "In the Matter of the Guardianship of John Rundle," and to render the appellant bound by it it should have been entitled "In the Matter of the Estate of Jennie Funk, deceased." As the holding under (1) entitles the appellant to reversal we see no need to bother with the precise point raised under (2), whatever it may be, and we pass it without further consideration.

*By the Court.*——The judgment and order of the county court are reversed, and the cause is remanded with instructions to dismiss without prejudice the instant petition and proceeding.